UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES SECURITIES AND**
**EXCHANGE COMMISSION,**

   Plaintiff,

v.                                      No. 4:24-cv-00919-P

**BRYAN SCOTT MCMILLAN,**

   Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bryan Scott McMillan's ("McMillan") Motion to Dismiss. ECF No. 12. Having reviewed the briefing and applicable law, the Court will deny McMillan's Motion.

## BACKGROUND

Plaintiff the United States Securities and Exchange Commission ("SEC") filed this case alleging a single claim for relief against McMillan based on the alleged violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. Plaintiff alleges that McMillan committed insider trading on November 28, 2022, when he used insider information, obtained through his girlfriend, to place a profitable securities trade on Apollo Endosurgery, Inc.'s ("Apollo") stock.

On January 4, 2023, the SEC, through the Director of the Division of Enforcement, issued an Order Directing Private Investigation and Designating Officers to Take Testimony in the Matter of Trading in Securities of Apollo Endosurgery, Inc. (D-04088) (the "Formal Order"). The Formal Order: (1) directed "that a private investigation be made to determine" if trading on the basis of material nonpublic information occurred; and (2) "designated" various subordinate SEC Enforcement staff members "as officers of the Commission . . . empowered to

administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of [records], and to perform all other duties in connection therewith as prescribed by law."[1]

As a part of its investigation, the SEC issued subpoenas and McMillan appeared with counsel to testify, and by and through his counsel produced responsive materials to the SEC's document requests. As a result of the investigation, the SEC sought approval from the SEC's five commissioners to file this lawsuit. Thereafter, the commissioners approved and on September 26, 2024, the SEC filed its Complaint in this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). A 12(b)(6) motion is an appropriate way to dispose of a claim for attorney's fees. *See e.g., Blanchais v. Flowserve Corp.*, No. 3:07-CV-1270-G, 2007 WL 9717596, at *2 (N.D. Tex. Nov. 19, 2007). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)

---

[1] ECF No. 12, at 61.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

McMillan raises three arguments for why the Court should dismiss this case: (1) the SEC's prosecuting attorneys are inferior officers who are not properly appointed and therefore are in violation of the Appointments Clause; (2) the SEC's prosecuting attorneys violate the Take Care Clause because they are inferior officers who are unconstitutionally insulated from removal by the President; and (3) the SEC has failed to state a claim under Rules 8 and 9.[2] In response, the SEC asserts that neither the Appointments Clause nor the Take Care Clause are applicable because the prosecuting attorneys are not officers.[3] Additionally, the SEC argues that it has sufficiently pled its claim.[4] The Court will address each in turn.

### A. The Prosecuting Attorneys are Not Inferior Officers

For McMillan to succeed on either of his constitutional arguments, the Court must first determine that the prosecuting attorneys are inferior officers. If the prosecuting attorneys are employees rather than inferior officers, then "the Appointments Clause [and the Take Care Clause] cares not a whit about who named them." *United States v. Germaine*, 99 U.S. 508, 510 (1879). Because, as discussed below, the Court finds that the prosecuting attorneys are not inferior officers, the Court need not address whether they exist in violation of the Appointments Clause and Take Care Clause.

The Supreme Court has stated that the "basic framework for distinguishing between officers and employees focuses on (1) whether the individual holds a continuing position established by law; and (2) the extent of power an individual wields in carrying out his assigned

---

[2]*See generally* ECF No. 12.
[3]ECF No. 18, at 6–17.
[4]*Id.* at 17–25.

functions." *Sec. & Exch. Comm'n v. Musk*, No. 3:23-MC-80253-JSC, 2024 WL 2875096, at *4 (N.D. Cal. May 14, 2024) (internal citations omitted). Here, there is no dispute that the prosecuting attorneys hold continuing positions, thus, the Court's analysis focuses on whether the power that they wield is such that they are officers rather than employees.

The seminal case for determining whether a position exercises sufficient authority pursuant to the laws of the United States to be considered an inferior officer rather than an employee is *Buckley v. Valeo*. 424 U.S. 1 (1976). *Buckley* focused on the extent a position wields administrative power in carrying out its assignment functions. More recently, in *Lucia v. Sec. & Exch. Comm'n*, the Supreme Court held an SEC Administrative Law Judge ("ALJ") was an officer under the Appointments Clause of the Constitution. 585 U.S. 237, 241 (2018). The Court explained an SEC ALJ "exercises authority 'comparable to' that of a federal district judge conducting a bench trial." *Id.* at 242 (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)). In this case, McMillan argues that the prosecuting attorneys' functions are "strikingly similar to those discharged" by an SEC ALJ.[5]

The Court finds that the prosecuting attorneys are sufficiently distinguishable from the SEC ALJs to warrant a finding that they are employees not officers. Like the prosecuting attorneys, some of an SEC ALJs actions are not self-enforcing. *See Lucia*, 585 U.S. at 248, 250 (explaining "the Commission retains discretion to review an ALJ's initial decision" in a case, but an SEC ALJ can "enforce compliance with discovery . . . by means as severe as excluding the offender from the hearing") (citations and quotations omitted). However, an SEC ALJ does exercise significant authority through his adjudicatory role. *See id.* at 249 (explaining that SEC ALJs "issue decisions containing factual findings, legal conclusions, and appropriate remedies" and the "SEC can decide against reviewing an ALJ decision," so that the "ALJ's decision . . . becomes final and is deemed the action of the commission") (citations omitted). In contrast, the prosecuting attorneys merely conduct

---

[5]ECF No. 12, at 24.

4

investigations at the request of the commission and cannot bring a lawsuit without again seeking their permission.

Moreover, the Supreme Court has indicated investigative activities, without enforcement power, constitute the work of employees, not officers. *See Buckley*, 424 U.S. at 137–38. In Buckley, the Court distinguished between the commission's fact-finding and enforcement powers, stating:

> Insofar as the powers confided in the Commission are essentially of an investigative and informative nature, falling in the same general category as those powers which Congress might delegate to one of its own committees, there can be no question that the Commission as presently constituted may exercise them . . . . But when we go beyond this type of authority to the more substantial powers exercised by the Commission, we reach a different result. The Commission's enforcement power, exemplified by its discretionary power to seek judicial relief, is authority that cannot possibly be regarded as merely in aid of the legislative function of Congress.

*Id.* As discussed above, the prosecuting attorneys' authority is "investigative and informative in nature"—they do not have the authority to initiate a civil action (only the commission itself can initiate such an action)—indicating that they are non-officer employees.

McMillan also argues that the prosecuting attorneys are officers because courts have seemingly found federal prosecutors and special prosecutors to be inferior officers. *See, e.g., United States v. Donziger*, 38 F.4th 290, 294, 296–99 (2d Cir. 2022) (holding "special prosecutors are officers under the Appointments Clause" because they "wield federal prosecutorial power and hold a position that is not personal to a specific individual and may last for years"), *cert. denied*, 143 S. Ct. 868 (2023); *Myers v. United States*, 272 U.S. 52, 159 (1926) ("Finally, Parsons' Case . . . conclusively establishes for this court that the legislative decision of 1789 applied to a United States attorney, an inferior officer.").

5

Even assuming this assertion is correct, the SEC's prosecuting attorneys in this case are distinguishable from the United States attorneys and special prosecutors (collectively "Federal Prosecutors"). Federal Prosecutors have the power to independently bring charges. In contrast, prosecuting attorneys cannot initiate their own investigations and may only conduct an investigation if the commission directs and authorizes it. Furthermore, the SEC does not bring criminal charges, as its enforcement authority is limited to civil suits, which involve less risk of constraining individual liberty.

Indeed, the scope of the prosecuting attorneys' authority is, in some ways, less than that of private civil attorneys, who can issue subpoenas and compel discovery. Under the usual rules of civil discovery, each party is permitted 10 depositions "without leave of the Court." FED. R. CIV. P. 30. Rule 45 permits civil attorneys to "command[ ]" an individual's "attendance at a deposition" by issuing a subpoena. FED. R. CIV. P. 45(a)(1)(B). If the individual who receives the subpoena believes it is unreasonable or unduly burdensome, that individual can move to quash or modify the subpoena. FED. R. CIV. P. 45(d)(3). In such scenarios, the party moving the squash the subpoena bears the burden of persuasion. In contrast, the prosecuting attorneys cannot compel anyone to testify—the SEC (rather than the compelee, as the recipient of a subpoena) has to petition a court to enforce the subpoena.

McMillan cannot provide, and the Court cannot find, any case that has held the power to issue subpoenas that require court action to compel compliance and the authority to complete other investigative tasks—under the supervision and direction of a supervisor—constitute sufficient authority to qualify as an officer under either the Appointments Clause or Take Care Clause. In fact, multiple courts have held the opposite. *See Sec. & Exch. Comm'n v. Musk*, No. 3:23-MC-80253-JSC, 2024 WL 2875096, at *8 (N.D. Cal. May 14, 2024); *Sec. & Exch. Comm'n v. Conway*, No. 22-MC-00212-DDD-KAS, 2024 WL 4252821, at *7 (D. Colo. Sept. 19, 2024), *report and recommendation adopted*, No. CV 1:22-MC-00212-DDD-KAS, 2024 WL 4591287 (D. Colo. Oct. 11, 2024). McMillan has not persuaded this Court that it should deviate from those decisions and be the first. Therefore, because the

6

Court finds that the prosecuting attorneys do not exercise significant authority pursuant to the laws of the United States, they are non-officer employees, and therefore not subject to the requirements of the Appointments Clause or Take Care Clause.

### B. The SEC Sufficiently Stated Its Claim

The Court will now turn to McMillan's argument that the SEC has failed to plead its claim under Rule 8 and 9. Having reviewed the briefing of the Parties and the applicable law, the Court finds that the SEC has sufficiently pled its claim against McMillan.

## CONCLUSION

Based on the foregoing, the Court **DENIES** McMillan's Motion to Dismiss. ECF No. 12.

**SO ORDERED** on this **18th day of February 2025.**

*[Signature: Mark T. Pittman]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

7